JUDGE RAKOFF



311-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
BELI SHIPPING CO LIMITED
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BELI SHIPPING CO LIMITED,<br><br>          Plaintiff,<br><br>     -against-<br><br>SOCIETE EUROPEENNE D'AFFRETEMENT ET DE TRANSPORT, a/k/a SEATRANS MARITIME,<br><br>          Defendant. | 08 Civ _____ (____)<br><br>**VERIFIED COMPLAINT** |

Plaintiff BELI SHIPPING CO LIMITED (hereinafter "BELI"), for its Verified Complaint against Defendant SOCIETE EUROPEENNE D'AFFRETEMENT ET DE TRANSPORT, a/k/a SEATRANS MARITIME (hereinafter "SEATRANS"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201, *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

NYDOCS1/306219.1

2. At all times material hereto, Plaintiff BELI was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Saint Vincent and Genadines.

3. At all times relevant hereto, Defendant SEATRANS was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Parc Innolin – BAT C1, 15, Allee Des Acacias, 33700, Bordeaux – Merignac, France.

4. On or about September 21, 2006, Defendant SEATRANS, as charterer, entered into a maritime contract of charter party with Plaintiff BELI, as owner, for the use of the M/V KATARINA, in direct continuation of an ongoing charter party dated April 28, 2006 involving the same parties and vessel.

5. Under the terms of the charter, Defendant SEATRANS was obligated to pay hire at the rate of $12,307 gross per day pro rata.

6. In addition, under the terms of the charter, Defendant SEATRANS was obligated to pay for bunkers remaining on board the vessel at the time of delivery.

7. Plaintiff BELI duly delivered the M/V KATARINA into the service of Defendant SEATRANS, and performed all of its duties under the terms of the charter.

8. In breach of the charter, and despite due demand, Defendant SEATRANS has failed and/or otherwise refused to pay certain amounts of hire and bunkers due to Plaintiff BELI, and the entire amount of $239,943.12 remains unpaid and owing under the terms of the charter.

9. The charter party provides for the application of English law and disputes between the parties to be litigated before the English High Court, and BELI specifically reserves its right to litigate the substantive matters at issue in London.

10. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff BELI's claim made or to be made in the London proceedings and under English law, as agreed by the parties. Arbitration has or will soon be commenced.

11. As a regular feature of English law, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the litigation, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

12. Plaintiff estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting their claims in London will be $75,000. Interest anticipated to be awarded is estimated to be $35,670.75 (calculated at the rate of 7% per annum compounded quarterly for a period of two years on the principle claim of $239,943.12, the estimated time for completion of the proceedings in London).

13. In all, the claim for which Plaintiff BELI sues in this action, as near as presently may be estimated, totals $350,613.87, no part of which has been paid by Defendant SEATRANS, despite due demand. Plaintiff BELI specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure BELI.

### Request for Rule B Relief

14. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant SOCIETE

EUROPEENNE D'AFFRETEMENT ET DE TRANSPORT, a/k/a SEATRANS MARITIME (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

15. The total amount sought to be attached pursuant to the above is **$350,613.87**.

WHEREFORE, Plaintiff BELI SHIPPING CO LIMITED prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$350,613.87** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant SOCIETE EUROPEENNE D'AFFRETEMENT ET DE TRANSPORT, a/k/a SEATRANS MARITIME, including but not limited to ASSETS in its name and/or being transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and

enforcement of any award entered against the Defendant in the London proceedings; and

    d.    For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       June 10, 2008

                              FREEHILL HOGAN & MAHAR, LLP
                              Attorneys for Plaintiff
                              BELI SHIPPING CO LIMITED

                              By: _____
                                   Michael E. Unger (MU 0045)
                                   80 Pine Street
                                   New York, NY 10005
                                   (212) 425-1900
                                   (212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
10th day of June, 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 10